# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN F. JONES, | ) Case No. LA CV 16-5030 JCG |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION AND** |
| v. | ) **ORDER** |
| NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*, | ) |
| Defendant. | ) |
| | ) |

Carolyn F. Jones ("Plaintiff") challenges the Social Security Commissioner ("Commissioner")'s decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly discounted her subjective complaints of disabling pain. (*See* Joint Stipulation ("Joint Stip.") at 4, 11-14.) The Court agrees with Plaintiff for the reasons discussed below.

//

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d); (Joint Stip. at 2 n.1).

1

A. <u>The ALJ Improperly Assessed Plaintiff's Subjective Complaints</u>

As a rule, an ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the ALJ improperly discounted Plaintiff's credibility for two reasons.

First, the ALJ erred by relying on Plaintiff's ability to do "light chores such as washing dishes, and washing small loads of her own clothes," without making findings as to the transferability of those activities to the workplace. (Administrative Record ("AR") at 34); *see Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (ALJ must make "specific findings related to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination"); *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (the mere fact that claimant "carried on certain daily activities, such as grocery shopping, driving a car, or limited walking or exercise, does not in any way detract" from credibility as to overall disability); *Oldham v. Astrue*, 2010 WL 2850770, at *9 (C.D. Cal. July 19, 2010) ("The fact that [claimant] may be able to wash a few dishes, wipe down a bathroom, or do a load of laundry does not constitute convincing evidence that [claimant] could handle the more rigorous demands of the workplace.")

Second, the ALJ erred by relying on Plaintiff's "substantial gainful activity until November 2013" because (1) the ALJ declined to reach that issue earlier in the decision[2]; and (2) regardless, it does not explain the veracity of Plaintiff's symptoms

---

[2] Confusingly, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since June 13, 2010" but then found that "earnings in the 1st and 2nd Quarters of 2013 are far above substantial gainful activity," and then finally "decline[d] to reach a decision" on those earnings. (AR

2

for the time period after Plaintiff stopped working. (AR at 32, 34-35); *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir.2007) (mere "fact that a claimant tried to work for a short period of time and, because of his impairments, failed," does not mean "that he did not then experience pain and limitations severe enough to preclude him from maintaining substantial gainful employment"); *Riggs v. Colvin*, 2015 WL 1476387, at *15 (C.D. Cal. Mar. 31, 2015) ("The ALJ may not use [claimant]'s part-time work . . . as the sole basis for finding [claimant]'s testimony not credible[.]")[3]

Thus, the ALJ improperly assessed Plaintiff's credibility.[4]

B.  Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be

---

at 32.) Further, the ALJ's finding that Plaintiff had substantial gainful activity only in the first two quarters is inconsistent with later faulting Plaintiff for engaging in substantial gainful activity *until* November 2013. (*Id*. at 32, 34.)

[3]  Plaintiff also points to regulations that allow claimants to test their ability to work for up to nine non-continuous months as a "trial work period" without having their benefits terminated. (Joint Stip. at 13 (citing 20 C.F.R. § 404.1592).) But that regulation does not apply because Plaintiff was not found to be disabled and awarded benefits. § 404.1592 ("The trial work period begins with the month in which you become entitled to disability insurance benefits . . . ."); *Spoto v. Colvin*, 2016 WL 4191018, at *9 (C.D. Cal. Aug. 8, 2016).

[4]  To the extent the ALJ relied on Plaintiff's testimony that she had not yet started physical therapy on her neck to reject her complaints of neck pain, that symptom was only one of a myriad of ailments she based her application on. In any event, any reliance on that factor was not sufficiently clear or convincing. The Commissioner contends that it showed Plaintiff was not following her prescribed course of treatment, but the ALJ did not specifically articulate that reason. (Joint Stip. at 15; AR at 34); *see Brown-Hunter*, 806 F.3d at 492 (reviewing court may not affirm the ALJ on a ground upon which he did not rely). Moreover, Plaintiff explained at the hearing that despite her previous unsuccessful attempts at physical therapy, she was going to do it again as her doctor recommended, but this time they would "try something different." (AR at 61-62.) Accordingly, it appears Plaintiff followed her doctor's recommended course of treatment.

3

resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id*. at 594.

The ALJ shall conduct another hearing, reconsider Plaintiff's subjective complaints and the resulting functional limitations, and either credit Plaintiff's testimony or provide clear and convincing reasons, supported by substantial evidence, for rejecting them. *See Benton*, 331 F.3d at 1040. Further, if the ALJ rejects Plaintiff's allegations, he must specifically identify what testimony is not credible, and what evidence undermines Plaintiff's complaints. *See Brown-Hunter*, 806 F.3d at 493.

Finally, the Court is mindful that "the touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Id.* at 495. Because it is unclear, on this record, whether Plaintiff is in fact disabled, remand here is on an "open record." *Id.*; *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014). The parties may freely take up any issue raised in the Joint Stipulation, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ. Either party may address those points in the remanded, open proceeding.

//

//

//

//

//

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: September 15, 2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*